83,328-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

To whom it may concern:

My name is Brandy N. Johnson, I.D.C #1955817. I'm currently being housed at Marlin Unit, in Marlin, Tx 2893 State Hwy 6. I'm writing to the Jefferson County District Attorney's office because I recently filed a writ of Habeas Corpus. In return I recieved a letter stating that my cases were not mandate, meaning my case was not final. This is one out of 3 grounds the court is trying to use to dismiss my writ of Habeus Corpus. (Tex. App - Dallas 1992) Mandate is official notice of action of appellate court, directed to court, advising it of action of appellate court and directing it to have judgment duly recognized, obeyed, and executed. (Lewelling v. Bosworth 840 S.W 2d 640) According to Penal Code 12.42(d) Criminal Law 1202.5 (1) Woosley v. State : In showing previous conviction for sentence enhacment, word "mandate" does not have to be expressly used in order to affirm conviction, to constitute manner or proof showing disposition of appeal if appeal was taken from conviction of underlying felony to show cases as final. In my case, I'm not an habitual criminal, but the same law apply to my defense. Rule 67.3 Time Issue Mandate : Unless other wise limited in the order itself, an order staying the court of appeals' mandate under ~~~~ 67.2 will extend for an additional 45 days the time before insuance of

p.91

the court of appeals mandate. An order granting review prevents the issuance of the court of appeals mandate pending the further order of the court of Criminal Appeals. If four judges do not agree to grant review within that time the court of appeals clerk must issue the mandate. In my case the courts should have already filed a mandate knowing that my cases was final. The courts waited until after I filed my writ of Habeas Corpus to bring up this mandate. Judgment and memorandum opion had been submitted since March 3, 2015 and delivered March 18, 2015. The courts neglected to file this mandate for at least 2 months (60 days) after contracts were sent to county clerks office and Jefferson County District Attorney's office. The courts never filed to extend time to extend to issue mandate under setion 5 Proceedings in the court of appeals Rule 67.2.

Grounds 2 to dismiss my writ of Habeas Corpes stated that I was under [T.R.A.P] 11.07, 3(b) Texas code of criminal appeals. Meaning that I filed an appeal, Habeas Corpus, while under Anders v. California, 386 U.S 738 (1967), an appeal which I never filed. Back in Nov. 2014, I wrote the courts to get an extention of filing a pro se brief. I was unable to prepare a pro se in a timely manner, therefor I

P.g 2

I recieved a memorandum opinion that stated exactly what was going on from begining to the end of my cases. It states on the second page quote, "Johnson did not file pro se brief in either of her cases". This contract, agreement, along with a judgment came from chief justice Steven Mckeithen affirming the trial court judgments. Affirmed. The opinion and judgment was submitted on March 3, 2015 and delivered March 18, 2015.

The third and final ground the courts use states I incorrectly list my possession of a control substance case a "count" for which I also was convicted of. I only listed my possession of a control substance cause # 09-05852 on page 2 question 8. It ask was I convicted and sentence on another charge at the same time as the charge Im seeking relief from. I answered yes, I had 2 differ indictments and was sentence to 2, 10 year sentences on the same day Sept. 2, 2014 by Judge John B. Stevens. My sentences was ran together so that I serve one sentence, but I legally have 2 10 year sentences. These grounds the court ~~is not true, is~~ use to dismiss my writ of Habeas Corpus. I have enclosed copies of judgment and opinion of the court. I have under lined on memorandum opinion 2nd page where it states I did not file

(3 p.g)

a pro se brief. I have copies of every-thing concerning my cases, including all court documents letters from Judge Stevens, lawyer, Ninth Court of Appeals, and Cheif Justice Steve McIheithen I also have reporters record master index of each court apperance. I pray this letter reach the District Clerk office in good faith that the documents be read carefully and not dis-miss my writ for untruthful allegations.

Brandy N. Johnson #1955815

Marlin Unit
2893 State Hwy 6
Marlin, Tx 76661

## In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-14-00408-CR
NO. 09-14-00409-CR
_____

**BRANDY NICOLE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 08-04379, 09-05852**

## MEMORANDUM OPINION

Pursuant to plea bargain agreements, appellant Brandy Nicole Johnson[1] pleaded guilty to aggravated assault with a deadly weapon and possession of a controlled substance. In the aggravated assault case, the trial court found the evidence sufficient to find Johnson guilty, but deferred finding her guilty, placed her on community supervision for ten years, and assessed a $500 fine. In the

_____

[1]In trial cause number 09-05852, the judgment refers to appellant as "Brandy Nicole Ooten a/k/a Brandy Nicole Johnson[.]"

1

possession of a controlled substance case, the trial court found Johnson guilty, assessed punishment at ten years of confinement, suspended the imposition of her sentence, and placed Johnson on community supervision for ten years.

The State subsequently filed motions to revoke Johnson's community supervision in both cases. In both cases, Johnson pleaded "true" to two violations of the conditions of her community supervision. In the aggravated assault case, the trial court revoked Johnson's unadjudicated community supervision, found her guilty, and assessed punishment at ten years of confinement. In the possession of a controlled substance case, the trial court revoked Johnson's community supervision and assessed punishment at ten years of confinement. The trial court ordered that the sentences would run concurrently. .

Johnson's appellate counsel filed briefs that present counsel's professional evaluation of the records and has concluded that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On December 1, 2014, we granted an extension of time for Johnson to file a *pro se* brief in both cases. Johnson did not file a *pro se* brief in either of the cases. We have reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support these appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals.

*Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[2]

      AFFIRMED.

 

_____

STEVE McKEITHEN
Chief Justice

Submitted on March 3, 2015
Opinion Delivered March 18, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2]Johnson may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.

# IN THE NINTH COURT OF APPEALS

09-14-00408-CR
09-14-00409-CR

Brandy Nicole Johnson
v.
The State of Texas

On Appeal from the
Criminal District Court of Jefferson County, Texas
Trial Cause No. 08-04379, 09-05852

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered these causes on appeal, concludes that the judgments of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgments of the trial court are affirmed.

Opinion of the Court delivered by Chief Justice Steve McKeithen

March 18, 2015

**AFFIRMED**

**********

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court